MARKET AND FULTON NATIONAL BANK

*vs.*

FRANCIS T. SARGENT.

Waldo.　　Opinion March 16, 1893.

*Promissory Note. Accommodation Indorser. Agency. Verdict.*

</div>

If one affixes his signature to a printed blank for a promissory note and intrusts it to another for the purpose of having the blanks filled up and thus becoming a party to a negotiable instrument, he thereby confers the right and such instrument carries on its face an implied authority to fill up the blanks and complete the contract at pleasure, so far as is consistent with its printed words.

As to all purchasers for value without notice, the person to whom a blank note is thus intrusted must be deemed the agent of the signer; and an oral agreement between such principal and agent, limiting the amount for which the note shall be perfected, cannot affect the rights of an indorsee who takes the note before maturity for value, in ignorance of such agreement, with a different amount written in it.

Proof of fraud in the inception of the note undoubtedly casts upon the indorsee the burden of showing that he took it for value before maturity without notice of the fraud. But proof that he paid full value for the note before maturity raises a presumption that he purchased it in good faith without notice of the fraud.

The court may properly instruct the jury to return a verdict for either party when it is apparent that a contrary verdict could not be sustained.

ON EXCEPTIONS.

The case appears in the opinion.

*R. F. Dunton*, for plaintiff.
*W. H. Fogler*, for defendant.

WHITEHOUSE, J. This was an action on a promissory note for seven hundred and eighty-five dollars, brought by the plaintiff bank as indorsee of Earl B. Chace & Company against the defendant as maker of the note.

The defendant seasonably filed his affidavit that the paper declared on had been materially altered since it was executed.

The facts were not controverted. The defendant had signed a prior note for the accommodation of Chace & Company which was outstanding and overdue at the time of the signing of the note in question. At Chace's request he agreed to sign three other accommodation notes to take up the overdue note, each to be for one third of the amount. But when the parties met for the purpose of executing this agreement, the amount of the overdue note was not definitely known to either of them, but was understood to be between six hundred dollars and six hundred and fifty dollars. Thereupon, at Chace's suggestion the defendant signed three printed blank notes and delivered them to Chace who agreed to fill them out with the requisite amount specified in each, when ascertained, and use them for the purpose of taking up the overdue note. The note in suit is one of the three notes thus signed. But instead of making it for one third of the overdue note according to his agreement, Chace fraudulently wrote in "Seven hundred and eighty-five dollars" and indorsed the note to the plaintiff bank before maturity in the ordinary course of business, receiving therefor the full amount of the note less fifteen dollars and ninety-six cents discount

thereon. It is not claimed, however, that Chace made any alteration in the printed terms of the blank thus delivered to him. He simply inserted in the blank spaces such words and figures as were necessary to constitute the instrument a complete promissory note. There is also positive testimony from the plaintiff's discount clerk that, at the time the note was discounted, the bank had no knowledge of any equities existing between the defendant and Chace, but took the note in the usual course of business. Upon this evidence the presiding justice directed the jury to return a verdict for the plaintiff for the amount of the note in suit.

This instruction was correct. The court may properly instruct the jury to return a verdict for either party when it is apparent that a contrary verdict could not be sustained. *Heath* v. *Jaquith*, 68 Maine, 433; *Jewell* v. *Gagne*, 82 Maine, 431; *Moore* v. *McKenney*, 83 Maine, 80.

It is well settled and familiar law that, if one affixes his signature to a printed blank for a promissory note and intrusts it to the custody of another for the purpose of having the blanks filled up and thus becoming a party to a negotiable instrument, he thereby confers the right, and such instrument carries on its face an implied authority, to fill up the blanks and complete the contract at pleasure, as to names, terms and amount, so far as consistent with its printed words. As to all purchasers for value without notice, the person to whom a blank note is thus intrusted must be deemed the agent of the signer, and the act of perfecting the instrument is deemed the act of the principal. An oral agreement between such principal and agent limiting the amount for which the note shall be perfected, cannot affect the rights of an indorsee who takes the note before maturity for value, in ignorance of such agreement, with a different amount written in it. *Bank of Pittsburgh* v. *Neal*, 22 Howard, 97; *Angle* v. *Ins. Co.* 92 U. S. 330; *Bank* v. *Stowell*, 123 Mass. 196; *Kellogg* v. *Curtis*, 65 Maine, 59; *Abbott* v. *Rose*, 62 Maine, 194; *Breckenridge* v. *Lewis*, 84 Maine, 349; Bigelow's Bills and Notes, 571.

But the defendant contends that it is not satisfactorily shown by affirmative evidence that the bank was an innocent purchaser.

Proof of fraud in the inception of the note undoubtedly casts upon the indorsee the burden of showing that he took the note for value, before maturity without notice of the fraud. *Farrell* v. *Lovett*, 68 Maine, 326; *Kellogg* v. *Curtis*, 69 Maine, 213. But proof that he paid full value for the note before maturity raises a presumption that he purchased it in good faith without notice of the fraud; and until overcome by rebutting evidence this presumption stands in lieu of direct proof. *Kellogg* v. *Curtis, supra.*

The plaintiff's testimony that the note was discounted in the usual course of business before maturity, for its face value less the discount stated, is not controverted. A *prima facie* case is thus made out for the plaintiff, without the aid of the affirmative statement of the discount clerk that the bank did not know of any equities between the defendant and Chace. There is no opposing evidence to overcome the presumption arising from the purchase of the note before maturity for full value, and no evidence in the case upon which a verdict for the defendant could be allowed to stand.

*Exceptions overruled.*

PETERS, C. J., LIBBEY, FOSTER and HASKELL, JJ., concurred.