A. H. PIERSON *v.* FRANK L. HUNTINGTON.

October Term, 1908.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 18, 1909.

*Bills and Notes—Bona Fide Purchaser—Good Faith—Inquiry —Payment of Value—Evidence—Burden of Proof—Failure to Sustain.*

The purchaser of negotiable paper, even while current, must use reasonable prudence in taking it, and if he takes it without inquiry in circumstances that would arouse the suspicions of a prudent man he is not a *bona fide* holder.

Though the production of a negotiable instrument, properly indorsed, is *prima facie* evidence of the holder's right to recover against the maker, yet if the maker's evidence tends to show theft or loss of the note, or original lack of consideration or subsequent failure of it, or fraud or duress in the inception of the note or in its transfer, the additional burden is thereby cast on the holder to show that he is an innocent purchaser of the note for value while it was current.

In assumpsit on a promissory note by an indorsee against the maker, defendant's evidence that the consideration failed through the breach of an agreement made contemporaneous with the note, but not referred to therein, required plaintiff to support his *prima facie* case, not merely by evidence of purchase for value before maturity, but by evidence of good faith, to establish which he must show the circumstances connected with the purchase of the note, and what he paid for it.

In assumpsit on a promissory note by an indorsee against the maker, who impeaches it for fraud, plaintiff cannot prove himself a *bona fide* purchaser of the note by merely showing that he paid value for it before maturity, but must further show that he did not have actual or imputed knowledge of the fraud; for it is proof of payment of full value that raises the presumption of good faith.

A finding that a purchaser of a note while current received it without knowledge of a defence available to the maker against the payee is not equivalent to a finding that he acted in good faith, for he may have had suspicions that led him to avoid knowledge.

In assumpsit by an indorsee of a promissory note against the maker, who impeaches it for failure of consideration, the finding that plaintiff made no inquiry is justified by the absence of evidence to the contrary, since the burden was on him to show that he acted in good faith.

ASSUMPSIT on a promissory note by an indorsee against the maker. Plea, the general issue. Trial by court at the March Term, 1907, Washington County, *Miles,* J., presiding. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*William N. Theriault* for the plaintiff.

The defence of failure of consideration cannot prevail against a *bona fide* indorsee for value who took the note while current, 4 Am. & Eng. Enc. of Law, 2nd Ed. 198; *Farlin* v. *Lovejoy,* 29 Ill. 45; *Milford* v. *Shepard,* 2 (Scam.) Ill. 583.

The mere fact that a note is indorsed "without recourse" is not sufficient in itself to charge the indorsee with notice of a defence against the note on the part of the maker, nor is it suffi-

cient to put him on inquiry with reference thereto. *Stevenson* v. *O'Neal*, 71 Ill. 314; *Borden* v. *Clark*, 26 Mich. 410; *Bisbing* v. *Grahan*, 14 Pa. St. 14; *Kelley* v. *Whitney*, 45 Wis. 110; *Lomax* v. *Picot*, 2 Rand. (Va.) 247.

A mere suspicion is not sufficient to put an indorsee on inquiry. *Borgess Co.* v. *Vette*, 142 Mo. 560; *Leman* v. *Press*, 106 Iowa 389; *Rockville Bank* v. *Gas Co.*, 72 Conn. 576-582; *Sherman* v. *Apperson*, 4 Fed. 25; *Matthews* v. *Paythees*, 4 Ga. 287.

No fraud except such as goes to the legal existence of the instrument is available to defendant in the circumstances of this case. 4 Am. & Eng. Enc. of Law, (2nd ed.) 325; *Swift* v. *Tyson*, 16 Peters 1; *Everett* v. *Livingston*, 111 Mass. 342; *Powers* v. *Ball*, 27 Vt. 662.

Where a party is in possession of a negotiable instrument, the presumption is that he holds it for value, and the burden of proof is upon him who disputes it; an exception being where the defect appears on the face of the instrument. *Goodman* v. *Simonds*, 20 How. 343; *Swift* v. *Smith*, 102 U. S. 442; *Brown* v. *Spafford*, 95 U. S. 474; *Doe Transportation Co.*, 78 Fed. 62.

*John G. Wing* for the defendant.

MUNSON, J.   The note in suit was given by the defendant to the Woodford Distilling Company, and was indorsed by that company to the plaintiff. The plaintiff's case was submitted in depositions, and consisted of the note and evidence of its transfer for value before maturity. The defendant's evidence was confined to matters affecting the note in the hands of the payee. The plaintiff offered nothing in reply.

The trial court has found that the note was indorsed to the plaintiff without recourse, for a valuable consideration, and before maturity; and that it was received without notice of a defence, but without inquiry. The court found further that the assignment was not made in due course of business; basing its conclusion upon the fact that the plaintiff took the note thus indorsed without inquiry, when he was wholly unacquainted with the defendant and his financial condition. The plaintiff claims that there was no evidence to support the finding that he bought the note without inquiry; and that if the finding is sustained, the conclusion drawn from it falls short of a finding that he is not a *bona fide* holder.

The note was given for liquors in bond; and at the time it was given the payee agreed, by a separate writing, that if the goods did not give satisfaction they might be held subject to its order, and that the note should be returned on a return of the certificates. The goods were not satisfactory, and the defendant returned the certificates and demanded the note, but the payee refused to return it, and soon after sold it to the plaintiff. These facts were found from evidence received subject to the plaintiff's exception.

The plaintiff claims that the findings touching his conduct, if warranted by the evidence, are not sufficient to support the judgment. We are referred to a list of cases, decided in many jurisdictions, which concur in holding that one who takes negotiable paper before due for a valuable consideration, in good faith, will not be affected by an existing defence, even though he was aware of circumstances that ought to have excited the suspicion of a prudent man. But the cases cited are not in accord with the decisions of this Court. It is held in this State that a purchaser of negotiable paper must exercise reasonable prudence and caution in taking it, and that if he take it without making inquiry, when the circumstances are such as would excite the suspicion of a prudent and careful man, he will not stand in the position of a *bona fide* holder. This doctrine was promulgated in *Roth* v. *Colvin,* 32 Vt. 125, and was reaffirmed in *Limerick Bank* v. *Adams,* 70 Vt. 132, 40 Atl. 166, and again in *Capital Savings Bank* v. *Montpelier Savings Bank,* 77 Vt. 189, 59 Atl. 827. It remains to be seen whether this distinction will be of importance in the determination of the case presented.

The case states that nothing appeared tending to show that the plaintiff made any inquiry regarding the note or its maker. The defendant contends that the evidence he introduced was such as cast on the plaintiff the burden of showing that he took the note in good faith, and that this required more than proof of a purchase for value before maturity. The questions raised by this claim are the first for consideration.

The production of a negotiable instrument, properly indorsed, is *prima facie* evidence of the holder's right to recover against the maker. But the maker may compel the holder to support his *prima facie* case with further evidence by showing a defence that would have been available against the payee.

The defences which have ordinarily been recognized as imposing this additional burden are illegality, procurement by fraud or duress, want of consideration, and an intervening theft or loss. This enumeration is in accord with the statements generally made in our own decisions. It was said, however, in *Quinn* v. *Hard,* 43 Vt. 375, 5 Am. Rep. 284, that it did not appear to be very clearly settled in what cases and to what extent the burden of proof would be thrown upon the plaintiff by the introduction of matters amounting to a defence against the payee. The more recent cases have apparently relieved the subject of some of its uncertainty, for the statement is now generally framed in terms that cover fraud in the transfer as well as in the inception of the note, and a subsequent failure of consideration as well as an original want of it. 4 Ency. Law, 320, 322; 8 Cyc. 236; *National Revere Bank* v. *Morse,* 163 Mass. 383, 40 N. E. 180; *Sperry* v. *Spaulding,* 45 Cal. 544.

The existence of a rule of this character has long been affirmed in this State, whatever uncertainty may have been felt regarding its application. It was directly involved in the decision of *Sandford* v. *Norton,* 14 Vt. 228, where it was said that when the defendant makes out a case upon which none but a *bona fide* holder for value is entitled to recover against him, it is incumbent upon the plaintiff to show that he is entitled to sue in that character. It was recognized in *Blaney* v. *Pelton,* 60 Vt. 275, 13 Atl. 564, where it was said that if the defendant offers evidence tending to prove fraud in obtaining the note, or an entire failure of consideration for it between the original parties, the burden of proof is thereby cast upon the plaintiff to show that he was an innocent purchaser of the note for value while it was current. It was restated and applied in *Limerick Bank* v. *Adams,* 70 Vt. 132, where it was held that evidence offered by the defendants which tended to show that the note was without consideration and void for fraud as between the original parties was properly admitted as a step in their defence, and for the purpose of casting upon the plaintiff the burden of showing that it was not chargeable with knowledge of the fraud, if the fraud alleged was established.

In some jurisdictions the courts have found no difficulty in applying the rule to defences not connected with the inception of the instrument. It is said that after proof that the paper was

once in the hands of a fraudulent holder it may justly be presumed to continue in the hands of a holder of that character until the contrary be proved; that possession is not enough to support a recovery by one who must trace title through fraudulent practices; and that this is equally true whether the fraudulent practices were connected with the inception of the paper or occurred subsequently. *Parsons* v. *Utica Cement Co.,* (Conn.) 73 Atl. 785; *Totten* v. *Bucy,* 57 Md. 446. It is frequently said in cases of wrongful procurement that the reason for the rule is found in the presumption that one who has obtained a note illegally or fraudulently will cause it to be sued in the name of another. 4 Ency. Law 323; *Perkins* v. *Prout,* 47 N. H. 387, 93 Am. Dec. 449; *Kellogg* v. *Curtis,* 69 Me. 212, 31 Am. Rep. 273. The situation in which the payee is placed by a failure of consideration affords a basis for the same presumption; and this seems to justify the conclusion that no distinction need be made between defences existing at the inception of the contract and those subsequently arising.

We see no reason why the additional burden should not rest upon the plaintiff in this case. It is true that the defence had no existence when the note was delivered to the payee, and that it never would have existed but for a further contemporaneous agreement of which the note gave no notice. But the terms of the agreement were such that the acts of the parties with reference to it worked an entire failure of the consideration of the note, and operated as a defeasance of the payee's title to it, and made the transfer of it a fraud upon the maker. The objection that the holder ought not to be prejudiced by a matter not ascertainable from the note has no greater force than it would have had if the fraud or defect of title had existed at the making of the contract. The effect of the payee's wrongful act upon the maker, and the inducement to a collusive transfer, would be the same in either case. The rule is not one that abridges the holder's substantive right as determined by the law merchant; it merely puts the burden of proof upon the one who knows the facts. If he is an innocent holder, the fact that the maker has a complete defence against the payee cannot affect him. So when the maker shows a transfer made in fraud of his right, it is not unreasonable to require that the transferee offer some evidence tending to show that he bought in good faith.

Evidence that the note was taken for value before maturity will not meet the requirement. The plaintiff cannot prove himself a *bona fide* purchaser of the note merely by showing that he paid value for it before maturity; he must go further, and show that he had no knowledge or notice of the fraud. *Vosburgh* v. *Diefendorf,* 119 N. Y. 357, 23 N. E. 801, 16 Am. St. 836. He must show that he bought the note in good faith as well as for a valuable consideration; and his good faith can be shown only by proof that he had no knowledge of the payee's fraudulent conduct and was not equitably chargeable with notice of it. *Parsons* v. *Utica Cement Co.,* (Conn.) 73 Atl. 785; *Tilden* v. *Barnard,* 43 Mich. 376, 5 N. W. 420, 38 Am. Rep. 197. To establish his good faith, the plaintiff must show the circumstances connected with his procurement of the note, and what he paid for it. *Holme* v. *Karsper,* 5 Bin. 469; *Totten* v. *Bucy,* 57 Md. 446. Evidence that the plaintiff gave value for the note is very different from evidence that he gave full value. *Millard* v. *Barton,* 13 R. I. 601; 43 Am. Rep. 51. It is proof of the payment of full value that raises a presumption of good faith. *Market etc. Bank* v. *Sargent,* 85 Me. 349.

So we hold that the burden was on the plaintiff to show that he took the note in good faith, and that his statement that he bought it for value before maturity did not meet the requirement. The trial court has not found the fact of good faith, and there was nothing before it that required the finding. The plaintiff's contention that the findings made do not amount to a finding that he was not a purchaser in good faith, is made immaterial by our holding regarding the burden. The only question now available to the plaintiff is whether any of the facts reported required the conclusion that he was such a purchaser.

We have seen that the note was indorsed to the plaintiff without recourse. It appears from the plaintiff's evidence that he is an attorney, and resides in Chicago, where the payee does business; that he knows the company in a business way; that he bought this and four other notes at the same time; that he is not acquainted with the defendant; and that at the time he bought the note he had no notice of what it was given for. The trial court has found from this evidence that the note was received without notice of a defence. This is not equivalent to a finding that the purchaser acted in good faith, for he may have had

suspicions that led him to avoid knowledge, and this may have made him a purchaser in bad faith, although without notice. *Goodman* v. *Simonds,* 20 How. 343, 367, 15 L. Ed. 934. If a conclusion of good faith might have been drawn from the absence of notice, it was for the trial court to do it. But the court cannot have drawn this conclusion, for it rendered judgment against the plaintiff. The question whether the plaintiff made inquiry was included in the question of good faith, and the fact that there was no evidence tending to show that he made inquiry justified an affirmative finding that he made none. So if the finding that the plaintiff made no inquiry influenced the court in reaching its conclusion on the question of good faith, this will not defeat the judgment. No special consideration need be given to the distinction between the rule prevailing in most jurisdictions and that adopted here touching the duty of inquiry, for if the case were to be tested by the former, error would not appear.

*Judgment affirmed.*