## No. 10,349.

## DELANEY *v.* BROWNWOOD.

Decided March 5, 1923.

Action on promissory note.   Judgment for defendant.

### *Reversed.*

1. BILLS AND NOTES—*Title.*  The title of the payee of a promissory note is defective when he negotiates it fraudulently, or in breach of trust.

2. *Promissory Note—Holder in Due Course.*   When it is shown that the title of any person, who has negotiated a promissory note, is defective, the burden is on the holder to prove that he or some person under whom he claims, acquired the title as a holder in due course.

3. *Promissory Note—Holder in Due Course.* Where the title of a holder of a promissory note is defective, and a plaintiff who acquires the note, has the burden of showing due course, he sustains that burden when he has shown the full details of the transaction with no rational inference of knowledge or bad faith, or has proven payment of full value.

*Error to the District Court of Kit Carson County, Hon. J. W. Sheafor, Judge.*

Mr. LAWRENCE LEWIS, Mr. BRYAN G. JOHNSON, Mr. BERTRAM B. BESHOAR, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

DELANEY, claiming to be a holder in due course, sued Brownwood on a promissory note for $800, dated December 24, 1918, given by the latter to the Vona State Bank,

due six months after date. A motion for a directed verdict for plaintiff was denied, and the jury found for the defendant. Delaney brings error.

Delaney was president of the Vona State Bank, the J. J. Delaney Investment Company, and the Bethune Bank, hereinafter mentioned. Brownwood testified, and we must assume it to be true, that on the day the note was given he paid it by check, but did not take it up, that the cashier said the note was in the time safe, and he could not get it then but would send it later.

December 27, or 31, 1918, the Vona Bank sent the note with others to Delaney at Denver for discount with the bank's Denver correspondent, the Central Savings Bank, who held some kind of a general guaranty from Delaney. It was so discounted and the bank paid $800 cash for it, perhaps by credit afterwards drawn upon, but that it was paid is undisputed.

July 12, 1919, the bank sent the note to Delaney and charged it to the Vona Bank. Delaney drew his check on the Bethune Bank to make his guaranty good and afterwards acquired the note. There is no direct evidence either that the savings bank had notice of the payment or that it had not. Delaney claims the right of a holder in due course on the ground that the Central Savings Bank was such.

What, then, is the presumption? On whom does the burden rest? R. S. section 4522, C. L. 3876, is as follows:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. * * *"

The title of the Vona Bank in this case was made defective under R. S. § 4518, C. L. § 3872, because it negotiated the note fraudulently or in breach of trust. It must be conceded, then, under said § 4522, that the burden of showing that the savings bank was without notice

falls on the plaintiff. Has he sustained it conclusively? We agree that the testimony of Delaney alone, an interested witness, might be disregarded though undisputed, but that of Babcock and Delaney together cannot, to say nothing of Pfeiffer, by whom the Vona Bank's account in the matter was proved. As shown above, the Savings Bank paid value. Babcock, an officer or employee of the bank, said $800 cash. That is full value. If we interpret this as payment by credit afterwards drawn upon, it will agree with Delaney's testimony and will still be full value. We concede, without deciding, that a mere credit, never drawn upon, will not make a bank a holder in due course, *Hodge v. Smith*, 130 Wis. 326, 337, 110 N. W. 192; *Market &c. Bank v. Sargent*, 85 Me. 349, 27 Atl. 192, 35 Am. St. Rep. 376 (though we do not agree that the credit must be exhausted), but the evidence does not support defendant's claim that the purchase price was paid by a *mere* credit. In addition to what is said above, the Vona Bank's credit in the Savings Bank would seem to have been drawn below the amount of the note in question by the fact that Delaney, in taking it up on his guaranty, did so by his check on the Bethune Bank.

The defendant insists that plaintiff must show by direct evidence that the Savings Bank had no notice; and the plaintiff claims that all he can do, or is required to do in such a case, is to. disclose fully and in good faith all the circumstances of the transaction from beginning to end; and that, if such evidence is uncontradicted and the facts so shown do not admit of a rational inference of knowledge or bad faith on the holder's part, the court may so instruct the jury. *Edelen v. First Nat. Bank*, 139 Md. 422, 115 Atl. 602; *Second Nat. Bank v. Weston*, 172 N. Y. 250, 258, 64 N. E. 949; *Scandinavian Am. Bank v. Johnston*, 63 Wash. 187, 194, 115 Pac. 102; *McLaughlin v. Dopps*, 84 Wash. 442, 448, 147 Pac. 6.

Where there are circumstances from which knowledge or bad faith may be inferred, a different question is presented, but in the present case the inferences and evidence

are all in the savings bank's favor.   It purchased the note for full value, of a regular customer, in the ordinary course of business, with a number of other notes, all good, and the circumstances have been disclosed fully with no suspicion against it, and with no suggestion of bad faith (R. S., § 4519, C. L. § 3873), yet we are urged that there is still a presumption that some one or more of the savings bank's responsible officers knew that the note was paid, though it was a six months note but eight days old.

The rule seems to be that where the burden of showing due course is cast on the plaintiff by R. S. § 4522, C. L. § 3876, he sustains that burden by proof of payment of full value.   *Hodge v. Smith,* 130 Wis. 326, 336.   *Market &c. Bank v. Sargent, supra;* 8 C. J. 988 and 1046; *Pierson v. Huntington,* 82 Vt. 482, 488, 74 Atl. 88, 29 L. R. A. (N. S.) 695, 137 Am. St. Rep. 1029.   See, also, *Millard v. Barton,* 13 R. I. 601, 610, 43 Am. Rep. 51; *Scandinavian Am. Bank v. Johnston, supra.*   That is to say, upon proof of full payment, a presumption of innocence prevails again, as before the proof of defective title, subject, of course, to refutation by further evidence.   This is reasonable, for who, with knowledge that it was paid or invalid, would buy a note at full price?

To sum up:   Under the evidence the bank paid full value; the defective title cast upon the plaintiff the burden of showing due course; he sustained that burden in two ways, by showing the full details of the transaction with no rational inference of knowledge or bad faith, and by proving payment of full value.   It follows that the savings bank was a holder in due course, and that a verdict for plaintiff should have been directed.

This conclusion makes it unnecessary to discuss whether the Delaney Investment Company held in due course or not.   We have purposely omitted most of the facts concerning that feature of the case.

Reversed and remanded, with directions to enter judgment for plaintiff.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR not participating.