MARY A. HIBBARD *vs.* JESSIE E. COLLINS.

Aroostook.      Opinion November 6, 1928.

*J. Frederick Burns, Elmer G. Lawler,* for plaintiff.
*Adolphus S. Crawford, Jr.,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

DEASY, J. This is an action on a promissory note given by the defendant to Hibbard Brothers Company; by that company indorsed to the Houlton Trust Company, and by it indorsed to the plaintiff. The form of the note is as follows:

"$600.00                                    Houlton, Me.
                                          July 18, 1922

For Value Received, I hereby sell and convey to Hibbard Bros. Co., his heirs, and assigns, the following described property, to wit: One five passenger Mitchell car, Number 4229.

And promise to pay to the order of Hibbard Bros. Co., the sum of Six hundred and no/100 Dollars, as follows: Payable at $5.00 a week with interest at eight percent until said sum is paid in full.

Provided, nevertheless, that I may continue in possession of said property, until default in payment has occurred, and also that if I pay the said sum and interest at the time aforesaid, then this conveyance shall be VOID, otherwise to remain in full force and effect. It is understood and agreed that if default shall be made in any payment, that the said grantee may enter my premises and carry the same away, and that all rights to an action of trespass or damage thereby waived, and all rights of resistance thereunto are disclaimed; and no right of redemption shall exist.
Witness:

(*Signed*) H. F. Cates        (*Signed*) Mrs. Jessie E. Collins"

                              (*Seal*)

Eight small payments amounting in all to $105 are noted on the back of the instrument. All such payments purport to have been made between June and October, 1923. On the back of the note there also appear the indorsement of Hibbard Bros. Co., without date, and the indorsement of the Houlton Trust Company, dated April 13, 1926. The note is payable in instalments and is under

seal, but neither these nor any other of its features deprive it of its status as a negotiable instrument.

Such fraud in its inception as would have the effect of invalidating the note, while suggested, does not sufficiently appear. It is inferentially negatived by a letter from the defendant introduced in evidence.

The principal issue in the case is whether two payments of one hundred dollars each made by the defendant to Hibbard Bros. Co., are available as against the plaintiff to reduce the amount of recovery.

The facts leading up to this suit are as follows: In July, 1922, the defendant bought an automobile from Hibbard Brothers Co. She turned in an old car and agreed to pay six hundred dollars more. No note or writing was made at that time. Much later (the defendant says more than a year later) the instrument in suit was made and signed by the defendant. Though before it was made two hundred dollars had been paid, it contained a promise to pay the whole sum of six hundred dollars with interest at eight per cent. The note was at some undisclosed time transferred to the Houlton Trust Company. On April 13, 1926, it was endorsed by the Houlton Trust Company to the plaintiff.

The plaintiff claims the rights of a holder in due course and contends that the payments amounting to two hundred dollars made by the defendant to Hibbard Brothers Co., cannot legally, as against her, be deducted.

"The burden is upon the plaintiff to prove that she is a holder in due course. Nothing else appearing, the production of the note in due form sustains the burden." *Dodge* v. *Bowen*, (Mass.) 182 N. E., 368, and cases cited.

But the plaintiff acquired title to the note after all its instalments were due. This appears from an endorsement on the note and is admitted by the declaration. The plaintiff, therefore, was not a holder in due course. Negotiable Instruments Act, Sec. 52.

But she says that she acquired her title "through a holder in due course," to wit, the Houlton Trust Company, and "has all the rights of such former holder in respect of all parties prior to the latter." Negotiable Instruments Act, Sec. 58.

Was the Houlton Trust Company a holder in due course? Prima

386

facie, yes. But not if the evidence shows its title to have been acquired after any instalment was due and unpaid.

"All the authorities agree that, when the principal of a note is payable by instalments and one instalment is overdue and unpaid at the time the paper is indorsed and transferred, the whole paper is dishonored, and subject to all equities between the original parties." 3 R. C. L., Pg. 1048 and cases cited; Field v. Tibbetts, 57 Me., 358; Vinton v. King, 4 Allen, 562.

The date when the Trust Company acquired the note does not definitely appear. The endorsement of Hibbard Bros. Co. to the bank is undated. The bank's attorney received it for collection March 31, 1924. The defendant's undisputed testimony is to the effect that the note was made and signed "more than a year" subsequent to its date. According to this testimony the bank could not have acquired the note until after July 18, 1923. At that time the note was apparently dishonored. Many instalments were overdue and unpaid so far as any endorsements showed. Moreover, it was actually dishonored. If all payments including the $200 are applied to the settlement of matured instalments and interest, several remained overdue and unpaid on July 18, 1923, and at all times thereafter.

The Trust Company was not a holder in due course. Payments made to the original payee must be credited.

A question of pleading arises: The payments under consideration were made in 1922. When the note was made and signed these payments were disregarded and the obligation made for the original sum. We cannot assume that this was due to fraud, vitiating the transaction. It was, we believe, due to a mistake. This equitable defense was open to the defendant. Such defense must be pleaded by brief statement. R. S. Ch. 87, Sec. 18. The defense of payment, on the other hand, is open under the general issue which is the only plea. But we think this point will not avail the plaintiff. The note was taken by Hibbard Brothers Co., not as a payment of the account due, but instead of the account. It was taken nunc pro tunc. It was apparently intended to put the parties in the same position as if the note had been taken at the time of the original transaction.

In view of this, we think that the two hundred-dollar payments

may be treated as payments upon the note and allowed under the general issue.

Interest must be figured at eight per cent up to the date of the "preceding term," to wit, September Term, 1928, as of which term judgment will be entered. R. S. Ch. 82, Sec. 49.

*Judgment for plaintiff for $467.54.*