O. J. LOVERING, *Respondent*, v. PACIFIC FRUIT PACKAGE
COMPANY, *Appellant*.[1]

*Fred M. Bond,* for appellant.
*Welsh & Welsh,* for respondent.

MILLARD, J.—This is an action to recover on a nego-
tiable instrument. The defendant executed and deliv-
ered to J. B. Thompson on February 20, 1928, a trade
acceptance in payment for a quantity of veneer blocks.
That instrument, which was payable thirty days after
date, was assigned and delivered by Thompson to the
plaintiff on February 25, 1928, five days after its execu-
tion, and twenty-five days before it was due. Defend-
ant admits execution and delivery of the trade accept-
ance to Thompson; that the trade acceptance was taken
in payment of a pre-existing indebtedness of Thomp-
son to the plaintiff and that the instrument was as-
signed to plaintiff before maturity. As an affirmative
defense defendant alleged that there was a failure of

[1]Reported in 298 Pac. 693.

consideration, for the reason that Thompson in the sale of the veneer blocks to the defendant expressly warranted that the blocks were sound and of good material and fit for veneer purposes, whereas they were rotten and of no value whatsoever; that plaintiff accepted the trade acceptance with full notice of all of the rights of the defendant. The trial of the cause to the court resulted in judgment in favor of the plaintiff for the full amount of the trade acceptance. Defendant appeals.

On February 10, 1928, the appellant commenced cutting the veneer blocks sold to it by Thompson. That cutting was continued until February 15th, during which period from thirty thousand to forty-five thousand feet, board measure, were cut. On February 20, 1928, the appellant gave to Thompson a negotiable trade acceptance for the purchase price of the blocks. That acceptance was payable March 20th, 1928. On February 25, 1928, Thompson sold the trade acceptance to the respondent in payment of an antecedent indebtedness. On February 29, 1928, appellant notified Thompson the trade acceptance would not be honored when due, and advised that it expected Thompson to extend the time of payment until all of the blocks were cut. The refusal of the appellant to honor the trade acceptance on March 20th, when due, culminated in action which resulted as recited above.

There is some evidence of breach of warranty. There is no evidence that respondent purchased the negotiable instrument with knowledge or notice of that breach by Thompson. The note was acquired before maturity. Respondent took it in good faith and for value.

"An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time." Rem. Comp. Stat., § 3416.

At the time the trade acceptance was negotiated to the respondent, he had no notice of any infirmity in the instrument or defect in the title of Thompson. That is to say, the respondent was a holder in due course.

"A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That it is complete and regular upon its face;

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; . . .

"3. That he took it in good faith and for value;

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Rem. Comp. Stat., § 3443.

Appellant contends that while every holder is deemed *prima facie* to be a holder in due course, the burden is upon such holder, when it is shown that the title of any person who negotiated the instrument was defective, to prove that he or the person under whom he claims acquired the title as holder in due course.

"[Every] holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title." Rem. Comp. Stat., § 3450.

There is no evidence in the record tending to show that the respondent purchased the trade acceptance with notice of any infirmity therein or defect in the title of the person negotiating the instrument. He acquired it before maturity and for value. It will be presumed that he took it in good faith.

"An endorsee sustains the burden of proof cast upon him by this section [Rem. Comp. Stat., § 3450] when he proves that he paid full value for the instrument, since one with knowledge that it was invalid would not be likely to pay full price. This presumption of innocence is subject to refutation by further evidence. *Delaney v. Brownwood,* 73 Colo. 83, 213 Pac. 578." Brannon's Negotiable Instrument Law (4th ed), p. 528.

The burden of proof was upon the appellant to show that the respondent knew or had notice of an infirmity in the trade acceptance or defect in the title of Thompson, who negotiated the same. That burden the appellant has not sustained.

"And it appears to be admitted that the facts were such as to warrant the court in determining, as a matter of law, that all of these conditions existed, except the one of good faith, and there being evidence offered tending to show that the execution of the note was fraudulently procured, appellant urges that, under Rem. Code, § 3450, the burden was on the respondent to establish all of the elements necessary to constitute a holder in due course. Assuming, for present purposes, but not deciding, that appellant correctly construes this latter section of the statute, we must also bear in mind Rem. Code, § 3447, which reads:

" 'To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.' " *Larsen v. Betcher,* 114 Wash. 247, 195 Pac. 27.

The judgment is affirmed.

TOLMAN, C. J., FULLERTON, BEELER, and BEALS, JJ., concur.