**UNITED STATES v. CAPEN et al.**

No. 400.

District Court, D. Vermont.

April 25, 1944.

Joseph A. McNamara, U.S. Atty., and Bernard J. Leddy, Asst. U.S. Atty., both of Burlington, Vt., for plaintiff.

Vernon J. Loveland, of Rutland, Vt., for defendants.

LEAMY, District Judge.

This is a civil suit instituted by the United States of America, as plaintiff, alleging that on or about January 29, 1939 the defendants executed and delivered to the Vermont Heating Company, Inc., a promissory note in the following words and figures:

"For use in all States

| $550.73 | Forestdale, | Vermont |
|---|---|---|
| (Total amount of Note) | (City) | (State) |

Jan. 29, 1939
<u>(Date)</u>

After date, I, we, or either of us, promise to pay to Vermont Heating Co., Inc. or order the sum of Five Hundred and Fifty 73/xx Dollars in 36 successive monthly instalments, each of $15.30, except the final instalment which shall be the balance due on this note, commencing on the 20th day of March, 1939, and on the same date of each month thereafter until paid, with interest on principal, after maturing of entire balance as herein provided, at the highest lawful rate and 15% of the principal and interest of this note or, at the option of the holder, a reasonable sum as attorney's fees, if placed in the hands of an attorney for collection after default. On non-payment of any instalment at its maturity, all remaining instalments shall become immediately due and payable. Authorized FHA "late charges" (5¢ per $1, maximum $5) payable on any instalment more than 15 days in arrears. Protest

waived. Value received without relief under any exemption or insolvency law.

"[s]   Charles R. Capen
"[s]   Julia B. Capen

"Negotiable and payable at the office of Housing Contracts Corporation Utica, N. Y., or at such place as the holder may hereafter designate;"

that the Vermont Heating Company, Inc., duly endorsed the note for value to the plaintiff and that the defendants owe to the plaintiff the amount of the note with interest.

The defendants in their answer admit the execution and delivery of the note as alleged, but allege as a defense, a lack or failure of consideration in that it was given in payment for a certain furnace under an agreement that it was not to be paid unless the furnace was completely installed and operated satisfactorily; that the furnace was not completely installed, has never operated satisfactorily and that the furnace which was installed was not the one ordered by the defendants, not in operating condition and not of the type and kind which the defendants were promised would be delivered and that therefore the note was procured by fraud.

From the pleadings, the testimony and the exhibits I make the following

### Findings of Fact

1. On January 29, 1939, the defendants executed and delivered the promissory note, as hereinbefore set forth, to the Vermont Heating Company, Inc. The note was in payment for a furnace which the payee of the note sold to and installed in defendants' house.

2. The note was payable in monthly instalments, commencing on March 20, 1939, and contained the provision that "On non-payment of any instalment at its maturity all remaining instalments shall become immediately due and payable."

3. The defendants did not pay the first instalment that was due on March 20, 1939, and have never paid anything on the note since its execution and delivery.

4. In April, 1939, the note was still in possession of the payee, Vermont Heating Company, Inc.

5. Sometime thereafter the note was endorsed by the Vermont Heating Company, Inc., to Housing Contracts Corporation of Utica, N. Y., and by that corporation to the United States of America, the present holder and plaintiff in this action. The evidence does not disclose the dates on which the note was endorsed or delivered either to Housing Contracts Corporation or to the plaintiff.

6. On January 19, 1939, ten days before the date of the note, the defendants signed a so-called "Completion Certificate" (Plaintiff's Exhibit B) in which they certified "that all materials and/or labor covering which the undersigned has heretofore executed and delivered a promissory note have been furnished as agreed by Vermont Heating Company, Inc. 42 Center Street, Rutland, Vermont and that the same have been accepted as satisfactory." The "completion certificate" also contained the following statement: "The undersigned hereby authorizes detachment of said note and, if said note is undated, hereby authorizes Housing Contracts Corporation to insert the date hereof or any later date as the date of said note."

7. The Vermont Heating Company, Inc., guaranteed in writing that the furnace would heat the house to seventy degrees Fahrenheit, when the temperature outside was at zero (Defendants' Exhibit 1).

8. The furnace was defective, would not heat the house and the defendants were not able to use it at all, and have not used it since it was installed except for three or four days when they were trying it out. In spite of numerous complaints by the defendants, no effort was ever made by anyone to put it in workable condition.

### Opinion

Notwithstanding the so-called "Completion Certificate" signed by the defendants on January 19, 1939, there seems to be no serious dispute on the contention of the defendants that there has been a complete failure or lack of consideration which fact I have so found. The plaintiff takes the position, however, that this defense is not available to the defendants since the plaintiff is a holder in due course, or if it is not a holder in due course that it derived its title through a holder in due course and that it has acquired all the rights of such holder.

Section 7194 of the Public Laws of Vermont provides that "a holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

But Section 7195 provides that "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable; but a holder who derives his title through a holder in due course and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter."

This then brings us to the question, "Is the plaintiff a holder in due course and if it is not, did it derive its title from a holder in due course so as to acquire the rights of the latter."

Section 7188 of the Public Laws so far as it is material here provides that "A holder in due course is a holder who has taken the instrument under the following conditions: * * *

"II. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; * * *."

■ On March 20, 1939, and while the note was still in the hands of the original payee, the first instalment came due and was unpaid. Then by the terms of the acceleration clause, the note became due on March 21, 1939. In April the note was still held by the original payee so that it must have been taken both by the Housing Contracts Corporation and by the plaintiff after it had matured and came due. Hence neither the plaintiff nor the Housing Contracts Corporation, in the terms of Section 7188, became the holder of it before it was overdue.

■ "Where the principal of a note is payable in installments and one installment is overdue and unpaid at the time of transfer of the note, the transferee is not a holder before maturity and hence is not a holder in due course, unless he does not take with notice of the past-due installment." 10 C.J.S., Bills and Notes, § 313, page 800, and cases cited thereunder. See also 8 C.J. § 606, note 14, page 410; 10 C.J.S., Bills and Notes, § 245, note 57.

As is stated in McCorkle v. Miller, 64 Mo.App. 153, 156, "the reason of the rule is that, where one or more of the installments remain due, the presumption arises that there is some valid reason for the failure or refusal to pay, which, if established, would likely go to the defeat of the entire debt, and thus all subsequent purchasers or holders of the discredited paper are put on inquiry."

In Hibbard v. Collins, 127 Me. 383, 143 A. 600, 601, where the facts were very similar to those here, the Court said, "The burden is upon the plaintiff to prove that she is a holder in due course. Nothing else appearing, the production of the note in due form sustains the burden. (Citation.) But the plaintiff acquired title to the note after all its installments were due. This appears from an indorsement on the note and is admitted by the declaration. The plaintiff, therefore, was not a holder in due course. (Citation). But she says that she acquired her title 'through a holder in due course,' to wit, the Houlton Trust Company, and 'has all the rights of such former holder in respect of all parties prior to the latter.' (Citation). Was the Houlton Trust Company a holder in due course? Prima facie; yes. But not if the evidence shows its title to have been acquired after any installment was due and unpaid. 'All the authorities agree that, when the principal of a note is payable by installments and one installment is overdue and unpaid at the time the paper is indorsed and transferred, the whole paper is dishonored, and subject to all equities between the original parties.' 3 R.C.L. p. 1048 and cases cited; Field v. Tibbetts, 57 Me. 358, 99 Am.Dec. 779; Vinton v. King, 4 Allen, Mass., 562."

■ Since therefore neither the plaintiff nor its predecessor in title, the Housing Contracts Corporation, became holders of the note before it was overdue, the only remaining question is whether or not the plaintiff became the holder of it without notice that it was in default. On this question the burden was on the plaintiff. Pierson v. Huntington, 82 Vt. 482, 74 A. 88, 29 L.R.A.,N.S., 695, 137 Am.St.Rep. 1029; Chase Nat. Bank v. Healy, 103 Vt. 495, 156 A. 396. And since no evidence at all was introduced on the question the burden has not been sustained.

Nor is it likely that it could have been, since it is probably fair to presume that in determining what it should pay for the note, the plaintiff doubtlessly learned what was owing on the note and thereby learned of the payment or payments that were in default.

### Conclusions of Law

1. The plaintiff is not a holder in due course. The Housing Contracts Corporation was not a holder in due course.

2. The defense of failure of consideration is available against the plaintiff and has been established.

3. Let judgment be entered for the defendants.