ALEXANDER B. SWETT *vs.* WILLIAM T. HOOPER.

*Burden of proof.  Demand.  Interest.  Promissory Note.*

Where the holder of a note, given for spirituous liquors, shows that he pur-
chased the same for value, in due course of business and under circum-
stances not calculated to awaken suspicion, it will be presumed that he had
no notice of the illegality till the contrary is shown.

A demand is not necessary to enable the holder of a note, payable on a certain
time, to recover interest thereon from the maturity thereof, although it is
not upon interest before that time.

On Exceptions.

ASSUMPSIT, commenced March 19, 1872, on a promissory note
for $125.32, signed by the defendant and dated at Castine, March
26, 1867, payable to J. & N. & E. L. Plummer in ninety days
from date, and endorsed by the payees to the plaintiff more than
two years after it was due.  The defence was that the considera-
tion of the note was spirituous liquors sold in violation of law.

The Judge instructed the jury that if the note was endorsed
and sold by the payee to the plaintiff, for a valuable consideration,
the plaintiff then having no knowledge that the consideration for
the note was spirituous liquors, he would be entitled to recover.
He also instructed the jury that if they found for the plaintiff,
they should cast interest on said note from the time it was due,
though no demand for payment was made at the time the note be-
came due; and that the burden of proof was on the defendant to
show that the plaintiff did have knowledge of the illegal consid-
eration of said note at the time he purchased it.

The jury returned a verdict for the plaintiff with interest on the
note from the time it was due; and to the foregoing rulings and
instructions, the defendant excepted.

*C. J. Abbott*, for the plaintiff.

*A. Wiswell*, for the defendant

Swett v. Hooper.

PETERS, J. The rulings, as to what burden of proof rested upon the respective parties in this suit, are sustained in *Field v. Tibbetts*, 57 Maine, 358, and *Hapgood v. Needham*, 59 Maine, 442. The counsel for the defendant questions the correctness of the latter case as not consistent with earlier decisions. It is true that, in many cases, as in *Aldrich v. Warren*, 16 Maine, 465, and *Munro v. Cooper*, 5 Pick., 412, it is said in general terms that where it is shown that a note is procured by fraud, or founded on an illegal consideration, the indorsee who sues the note must show that he came by it without knowledge of the fraud or illegality. But the rule, more accurately stated, is that the plaintiff must show that he is the holder for value, in the due course of business, unattended with any circumstances justly calculated to awaken suspicion. This appearing, the presumption arises that the note was obtained without any knowledge of the fraud or illegality, upon the part of the purchaser, until the contrary is shown. That is what the ruling complained of amounted to in this case.

A point is taken that, upon a note not payable with interest, and given upon a time certain, interest is not recoverable excepting after demand made at the time the note becomes due or afterwards. But this cannot be regarded even as an open question. In England there has been much less liberality in the allowance of interest than here. But in both countries the rule has been established, adversely to the position taken by the defendant, for many years. In *People v. New York*, 5 Cowen, 331, the principle was correctly and tersely stated; "that whenever the debtor knows what he is to pay, and when he is to pay it, he shall be charged with interest if he neglects to pay."

*Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON. and BARROWS, JJ., concurred.