HILLSDALE COLLEGE vs. THOMAS, Executrix.

PROMISSORY NOTES. *Delivery to payee's agent on condition not fulfilled.*

1. In an action on a promissory note, by the payee, the fact that the note was signed and delivered to plaintiff's agent with an agreement that the latter should hold it until a certain time, to be returned to the maker if he should not decide to effect a certain purchase from the plaintiff, and

that in the meantime the note should not be considered as delivered to the plaintiff, with the further fact that the maker, at the specified time, notified the agent that he had decided not to effect such purchase, and demanded a return of the note — *held* to constitute a good defense.

[2. If the note had been put in circulation, and the plaintiff were a *bona fide* holder for value, before due, the court might have to inquire whether the maker was guilty of negligence in the premises.]

APPEAL from the Circuit Court for *Sheboygan* County.

Action upon a sealed promissory note for one hundred dollars, dated September 1, 1860, signed by the defendant's testator, payable to the plaintiff or bearer, and due by its terms ten years from date, with interest after one year payable in advance.

The complaint, besides containing the usual averments in complaints on promissory notes, alleges the incorporation of the plaintiff, and the facts essential to a right of action against the personal representative of the deceased maker, and prays judgment for the amount due on the note by its terms, to be paid out of the assets of the deceased.

The answer is to the effect that one Parmelee, an agent of the plaintiff, called upon the defendant's testator, and solicited him to purchase a scholarship in the plaintiff college, which he at first refused to do; that finally, at the request of Parmelee, he signed the note in suit, and left it with Parmelee, under an agreement that the latter should hold it for the testator until a certain time, to be returned to the testator in case he should not decide to purchase such scholarship, and in the meantime the note should not be considered as delivered to the plaintiff; and that at the specified time, the testator informed Parmelee that he had decided not to purchase the scholarship, and demanded a return to him of the note, but Parmelee, professing to have sent the note by mistake to the plaintiff, did not comply with such demand.

On the trial, by proof and the defendant's admissions, plaintiff made a *prima facie* case. Defendant offered testi-

mony tending to prove the averments of the answer, but an objection to its admission was sustained; and the jury, by direction of the court, returned a verdict for the plaintiff for the amount due on the note by its terms. From a judgment entered on such verdict, the defendant appealed.

The cause was submitted for the appellant on a brief signed by *E. Clark* as his attorney, with *Geo. T. Sumner*, of counsel:

1. Defendant denies the making of the contract, by denying any intentional delivery thereof. 1 Greenl. Ev., § 284. 2. It is objected that unless the possession of the note by plaintiff's agent be held an absolute delivery, it would be a fraud upon third parties who might thereby be induced to give similar notes; and cases are cited in which mutual subscriptions to a common object are held binding on all, in spite of a secret understanding with a part to the contrary. See *Downie v. White*, 12 Wis., 176. But in those cases the mutual promises are considerations for each other, and all form but one indivisible contract; while here, the contract, if there be one, is distinct and individual, not having for its consideration, in whole or in part, the promise of any other person; and defendant is not estopped. *Lathrop v. Knapp*, 27 Wis., 214; *Miles v. Miles*, 8 Watts & Serg., 135; 5 U. S. Digest, 1st Series, p. 409, and cases cited. 3. The note was delivered to Parmelee, as alleged in the answer, "in trust for the maker," and not as an escrow; but even if it be held strictly as an intended escrow, there was nothing to prevent Parmelee's receiving the trust. He did not receive it "as agent" of the payee, which was the case in *Worrall v. Munn*, 5 N. Y., 229. An agent may receive an escrow. *Fertig v. Bucher*, 3 Pa. St., 308; *Andrews v. Thayer*, 30 Wis., 228; *Rhodes v. School Dist. in Gardiner*, 30 Me., 110; *Graves v. Dudley*, 20 N. Y., 76. The principal himself might have received the delivery here made, without taking any absolute rights under it. The case is unlike that of a deed, which, though delivered conditionally, passes a title which can be divested

only by reconveyance. Here, only a right of action is given, which may be resisted by the obligor upon showing nonperformance of the condition. But even a deed may be delivered to the grantee in trust to await a certain contingency, without taking effect as a conveyance. *Brackett v. Barney*, 28 N. Y., 333; *Jackson v. Richards*, 6 Cow., 617; *Gilbert v. N. Am. Fire Ins. Co.*, 23 Wend., 43; *Graves v. Dudley*, 20 N. Y., 77; *Bronson v. Noyes*, 7 Wend., 191; *People v. Bostwick*, 32 N. Y., 445.

*Wm. H. Seaman*, for respondent:

1. The scholarship purchased formed a valid consideration for the note; and the seal is conclusive evidence of a consideration. 1 Greenl. Ev., § 284; 1 Parsons on Con., 428–9; *Croft v. Bunster*, 9 Wis., 503. 2. The evidence offered by the defendant was inadmissible because offered for the purpose of varying the written contract. *Foley v. Cowgill*, 5 Blackf., 18; *Goss v. Nugent*, 5 Barn. & Ad., 58. 3. It cannot be shown that an instrument delivered by the maker to the agent of the other party, was intended as an escrow. *Kercheval v. Doty*, 31 Wis., 476; *Truman v. McCollum*, 20 id., 360; *Chipman v. Tucker*, 38 id., 43; *Worrall v. Munn*, 1 Seld., 229; *Ward v. Lewis*, 4 Pick., 520; *Fairbanks v. Metcalf*, 8 Mass., 238; *Foley v. Cowgill, supra; Wight v. R. R. Co.*, 16 B. Mon., 4; *Braman v. Bingham*, 26 N. Y., 492; *Bibb v. Ried*, 3 Ala., 88; *Simonton's Estate*, 4 Watts (Pa.), 180; *Moss v. Riddle*, 5 Cranch, 351; *State v. Chrisman*, 2 Ind., 126; *Hiatt v. Simpson*, 8 id., 256. 4. It is claimed that Parmelee held as agent of the maker. That this was an inconsistent relation and not allowable, see *Walworth County Bank v. Farmers' L. & T. Co.*, 16 Wis., 629; *Herman v. Martineau*, 1 id., 151. Again, if he was the maker's agent, he was such agent to make delivery. 5. If the purpose of the delivery was, as alleged, to aid Parmelee in his negotiations with others, it was a fraud upon the latter, which cannot be urged by a party to it. *Robinson v. Railroad Co.*, 32 Pa. St., 334; *Mann v. Cooke*,

20 Conn., 178; *Litchfield Bank v. Church*, 29 id., 137; *Railroad Co. v. Fields*, 10 Ind., 187; *Brouwer v. Appleby*, 1 Sandf., 170; 12 Wis., 178.

LYON, J.  The ruling of the court rejecting all testimony under the answer is equivalent to an order sustaining a general demurrer thereto.  It is an adjudication that the answer does not contain facts sufficient to constitute a defense to the action.  If it states a defense, the ruling is erroneous and fatal to the judgment.  We have no doubt whatever that the answer states a complete defense to the action, and that the testimony offered to prove the allegations thereof should have been received.  The note was not left with Parmelee, the agent of the plaintiff, as an escrow.  On the contrary, the defendant's testator retained the absolute control of the note, and the right to recall it if he chose to do so.  Such a deposit has none of the essential features of a delivery in escrow, and hence we are not called upon to determine the legal effect of the delivery of a note in escrow to the agent of the payee.  There was no delivery of the instrument, and hence it never had an inception or legal existence as the note or obligation of the testator.  It remained mere waste paper, just as it would have been had the testator kept it in his pocket instead of leaving it with Parmelee.  The fact that Parmelee was the agent of the plaintiff is of no importance.  Were the plaintiff a natural person, and had the testator left the note with such person under the same circumstances, it would not be a delivery, and would confer no right of action.  Had the paper been put in circulation, and were the plaintiff a *bona fide* holder thereof for value, before due, we would or might have to determine whether or not the testator had been guilty of negligence in the premises.  But we have no such question in this action.  These views are abundantly sustained by the following cases: *Walker v. Ebert*, 29 Wis., 194; *Kellogg v. Steiner*, id., 626; *Butler v. Carns*, 37 id., 61; *Thomas v. Watkins*, 16 id., 549;

*Chipman v. Tucker*, 38 id., 43; *Roberts v. McGrath*, id., 52; *Roberts v. Wood*, id., 60.

*By the Court.* — Judgment reversed, and a new trial awarded.