### ENGLE v. HYMAN.

(Supreme Court, Appellate Term. May 16, 1907.)

1. BILLS AND NOTES—BONA FIDE HOLDER—EVIDENCE—BURDEN OF PROOF. .
  Negotiable Instruments Law, Laws 1897, p. 733, c. 612, § 98, provides that every holder is deemed prima facie to be a holder in due course; but, when it is shown that the title of any person who has negotiated the instrument is defective, the burden is on the holder to prove that he or some person under whom he claims acquired title as a holder in due course. *Held* that, where defendant alleged that the note sued on was given under duress and without consideration, evidence of the circumstances under which the note was made, expressly relating to the title of the person who had negotiated the note, and showing that such person's title was defective, was admissible, without evidence that plaintiff was not a holder in due course, as bearing on the burden of proof of such issue.

2. SAME—QUESTION FOR JURY.
  Plaintiff being an interested witness, in an action on a note, the truth of his testimony as to how he obtained the note for the purpose of showing him to be a bona fide purchaser for value, though uncontradicted, was for the jury.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1879.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Samuel Engle against Jacob Hyman. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Henry Salant, for appellant.
Saul J. Baron, for respondent.

SEABURY, J. This action was brought to recover on a promissory note indorsed by the defendant. The defendant alleged that the note was given under duress and without consideration. The trial justice refused to receive proof of the circumstances under which the note was made, until some testimony was offered to show that the plaintiff was not a bona fide holder of the note. No evidence being offered on this subject, the justice directed a verdict for the plaintiff.

The defendant excepted to the exclusion of the evidence as to the circumstances under which the note was given and to the direction of a verdict. The evidence offered was competent as affecting the

burden of proof.   Section 98 of the negotiable instruments law  (Laws 1897, p. 733, c. 612)  provides as follows:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course."

The evidence which was excluded related expressly to the title of the person who had negotiated the instrument and tended to establish that the title of such person was defective.   While it is true that, if the plaintiff was a bona fide holder of the note, his right to recover upon it would not be defeated, even if the title of the person who negotiated it was defective, yet evidence of such a defective title was relevant upon the question as to whether the plaintiff was a bona fide holder.   The presumption that the plaintiff was a holder in due course arose from the fact that he held the note, and this presumption remained with him until it was shown that the title of the person who negotiated the instrument was defective.   When this was done, the burden was upon the plaintiff to prove that he or some person under whom he claims acquired the title as a holder in due course.   The section of the negotiable instruments law quoted above (98) as to who is deemed a holder in due course is declaratory of the law as it existed before the enactment of the negotiable instruments law.   In Vosburgh v. Diefendorf, 119 N. Y. 357, 23 N. E. 801, 16 Am. St. Rep. 836, the court said:

"But in this state it must be regarded now as a settled rule that, when the maker of negotiable paper shows that it has been obtained from him by fraud or duress, a subsequent transferee must, before entitled to recover on it, show that he is a bona fide purchaser."

In C. N. Bank v. Diefendorf, 123 N. Y. 191, 206, 25 N. E. 402, 10 L. R. A. 676, the court said:

"The burden of making out good faith is always upon the party asserting his title as a bona fide holder in a case where the proof shows that the paper has been fraudulently, feloniously, or illegally obtained from its maker or owner.   Such a party makes out his title by presumption, until it is impeached by evidence showing the paper had a fraudulent inception, and when this is done the plaintiff can no longer rest upon the presumption, but must show affirmatively his good faith."

Although the testimony given by the plaintiff as to the circumstances under which he obtained the note was uncontradicted, he was an interested witness, and his credibility was for the jury to determine.   Canajoharie Nat. Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676; Vosburgh v. Diefendorf, 119 N. Y. 357, 23 N. E. 801, 16 Am. St. Rep. 836; Joy v. Diefendorf, 130 N. Y. 6, 28 N. E. 602, 27 Am. St. Rep. 484.   The court below erred in excluding the evidence offered as to the circumstances under which the note was made and delivered, and in directing a verdict.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.