IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### FEBRUARY TERM, 1909.

---

LOUIS DE JONGE & COMPANY v. THE WOODPORT HOTEL
AND LAND COMPANY.

Argued November 4, 1908—Decided February 23, 1909.

1. Section 59 of the Negotiable Instrument act of April 4th, 1902, declares that every holder of a promissory note shall be deemed *prima facie* to be a holder in due course, *i. e.*, among other things, that he took the note in good faith and for value, without notice of any infirmity in the instrument, or defect in the title of the person negotiating it; but provides that when it is shown that the title of the person who has negotiated it was defective, the burden shall be upon the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. By force of this statutory provision a corporate defendant in an action brought against it by an endorsee is entitled to show (for the purpose of overcoming the presumption that the plaintiff is a "holder in due course") that the note in suit was executed without authority by its treasurer in discharge of his own personal debt.

2. The giving by the treasurer of a corporation of a promissory note of the corporation in payment of his individual debt is, *prima facie*, unlawful; and unless his act is authorized or ratified by the corporation the note is void in the hands of the payee.

---

On error to Morris County Circuit Court.

233

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the plaintiff in error, *Elmer King*.

For the defendants in error, *Willard W. Cutler*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought upon a
promissory note dated August 16th, 1906, for $750, payable
twelve months after date to the order of C. I. McLoughlin, and
signed "The Woodport Hotel & Land Co., Thomas Bright,
Treas.," and endorsed by McLoughlin to the plaintiffs. At
the trial the plaintiffs proved that the signature to the note
was written upon it by Thomas Bright; that Bright was
then the treasurer of the defendant company, and that they
became the holders of the note before maturity. Plaintiffs
then rested.

On the part of the defendant it was opened to the jury
that the note in suit was made by Bright without authority
from the defendant; that it was not given to secure any
obligation of the company, but in payment for a motor boat
purchased by Bright for his own use from McLoughlin, and
that the plaintiffs took the note with knowledge of these
facts. Thereupon the trial court directed counsel for the de-
fendant to first put in his proofs relating to the knowledge
of the plaintiffs as to the consideration for which the note
was given, before proving the transaction itself. This course
being pursued the court considered that the proofs submitted
did not justify the conclusion that the plaintiffs knew, when
they took the note, or had any reason to believe that it was
not an obligation of the defendant company, and held that
as the defendant had failed to show that the plaintiffs were
not *bona fide* holders for value, it was not entitled to prove
the real consideration of the note. Holding this view the
court then directed a verdict for the plaintiffs for the full
amount of the note with interest. Upon this ruling and
instruction the defendant assigns error.

The exclusion of proof that the note in suit was given by the defendant's treasurer to pay his own individual debt, without authority from the defendant, resulted from a misconception of the respective rights of the parties, as established by the law relating to negotiable instruments. By force of section 59 of the Negotiable Instrument act (*Pamph. L.* 1902, *p.* 594) every holder of a promissory note is deemed *prima facie* to be a holder in due course, *i. e.,* among other things, that he took the note in good faith, and for value, without notice of any infirmity in the instrument, or defect in the title of the person negotiating it, but that section further provides that when it is shown that the title of the person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or some person under whom he claims, acquired the title as a holder in due course. The effect, therefore, of the rejected proof, would have been to destroy the then existing presumption that the plaintiffs were "holders in due course," and to throw upon them the burden either of proving that fact or of overcoming the proof of the defendant that the note was given for Bright's personal debt, and that his act in making it was not authorized or ratified by the company, provided that the making of the note under the conditions recited rendered it invalid in the hands of McLoughlin, the payee. That it did have such effect is beyond dispute. It is a settled rule of commercial law that one who receives from an officer of a corporation the note of such corporation in payment of, or as security for, a personal debt of such officer, does so at his peril. *Prima facie* the act is unlawful, and unless actually authorized or ratified by the corporation, such note is void in the hands of the payee. *Wilson* v. *Metropolitan, &c., Ry. Co.,* 120 *N. Y.* 145; *Rochester, &c., Turnpike Co.* v. *Paviour,* 164 *Id.* 281; *Campbell* v. *Manufacturers National Bank,* 38 *Vroom* 301.

The exclusion of the offered testimony was harmful error, and for this reason the judgment under review must be reversed.