### KENNEDY v. SPILKA et al.

(Supreme Court, Appellate Term. May 18, 1911.)

BILLS AND NOTES (§§ 103, 497*)—ACTIONS—BURDEN OF PROOF.

An accommodation note, made on false representations by the payee as to his intended use thereof, is obtained by fraud, within Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 94, rendering its title defective, so that an indorsee, suing the maker, has the burden of proving that he is the holder for value, as required by section 98.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1675–1687; Dec. Dig. §§ 103, 497.*]

Appeal from City Court of New York, Trial Term.

Action by Alfred H. Kennedy against Charles Spilka, doing business under the firm name of Charles Spilka & Co., impleaded with Eugene H. Block. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant Spilka appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Davis & Dworsky (Harold P. Dworsky, of counsel), for appellant. George W. Whiteside, for respondent.

BIJUR, J. This action was brought by the indorsee of a promissory note against the maker, the appellant. Appellant attempted and offered to prove that the note in question was made by him without consideration and for the accommodation of the payee, and upon the express representation by the payee that he intended to use the same for a specific purpose, namely, the purchase of certain stock, which representation was false, and known by the payee to be false when made, and that the note was by the payee diverted to another purpose.

The learned court below declined to receive that evidence until the defendant should "first show that the plaintiff had knowledge of the

---

infirmity in the note." However, section 98 of the negotiable instruments law (Consol. Laws 1909, c. 38) expressly provides that:

"When it is shown that the title of any person who has negotiated the instrument is defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course."

See sections 94, 95, and Engle v. Hyman, 54 Misc. Rep. 251, 104 N. Y. Supp. 390.

Under section 94, the title to the note in the hands of the original payee would be defective, if the signature to the note was obtained by fraud or other unlawful means, or if it was negotiated in breach of faith. That the note in question was open to this defense is settled by Adams v. Gillig, 199 N. Y. 314, 92 N. E. 670.

Judgment and order reversed, and a new trial granted, with costs to appellant to abide the event. All concur.