L. R. BAIRD, as Receiver of Bartlett State Bank, a Corporation, of Bartlett, Ramsey County, North Dakota, Respondent, v. F. W. KEITZMAN, Defendant, and
JOHN TIERNEY, Albert Dusbabek, L. E. Hauge and John Yoney, Appellants.

(233 N. W. 905.)

318

Opinion filed December 22, 1930.   Rehearing denied January 9, 1931.

*W. A. Burke* and *Ingman Swinland,* for appellants.

*R. J. Roberts* and *Bangs, Hamilton & Bangs,* for respondent.

BIRDZELL, J. This is an action upon a promissory note brought by the receiver of the indorsee bank. The complaint alleges the execution of the note by the defendants to the Michigan City Bank, its transfer by the payee to the Bartlett State Bank before maturity and for value. It then alleges the insolvency of the latter bank and the appointment of the plaintiff as receiver and prays judgment for the face of the note, $670, with interest. The defendants, other than Keitzman, joined in an answer admitting the execution of the note but denying that it was executed for value; also, alleging that it was signed without consideration to the knowledge of the Bartlett bank. In a separate paragraph it is alleged that the delivery of the note was upon the condition that it should serve only to temporarily replace notes of other persons which the payee bank then held as security for a balance of indebtedness of $670, which notes were to be removed from the bank for the purpose of collection, the proceeds to be applied on the

indebtedness, it being specifically agreed that the note in suit was not to be paid or negotiated. Keitzman answered separately to the same general effect.

Upon the trial the plaintiff, in addition to the usual prima facie case, proved by direct evidence the transfer of the note to the Bartlett State Bank before maturity and for value. Some effort was made during the cross-examination of the plaintiff's witnesses to establish such defense as was pleaded, but upon proper objection the evidence was excluded. After the plaintiff had rested, the defendants again attempted to establish the defense pleaded and the court excluded the evidence, apparently for the reason that the defendants had offered no evidence which would tend to show that the plaintiff was not a holder in due course. At this juncture the defendants made the following offer of proof:

"The defendant at this time offers to prove by the witness, Albert Dusbabek, and the other defendants, that the note, plaintiff's Exhibit A, here admitted in evidence, was signed by these defendants, without any consideration passing; that at the time of the signing of the same, the defendants, Dusbabek, Tierney, Yoney and Houge, offer to prove that they were induced to sign the same by the representations and upon the promises of the Michigan City Bank, and the defendant, F. W. Keitzman, that the said note would be taken and held in the said bank as and for the nature of a receipt, and in escrow, in the place of various individual notes signed by farmers, at said time held by said bank, it being the agreement then that the said individual notes were to be delivered to the defendant, Keitzman, for collection, and that the bank required the note, Exhibit A, to be filed therein in place of the individual notes so to be taken out for collection, as a receipt therefor; that the understanding and agreement further made at that time was that this note would be—would not be transferred or assigned, but that the amount thereof, as represented by the indebtedness shown by the individual farmers' notes referred to, was to be paid from the proceeds of the collection so to be made of the individual notes."

The court sustained an objection that the transaction embraced within the offer was not binding upon the plaintiff, whereupon the defendants rested and the court instructed the jury to return a verdict for the plaintiff. The single contention upon this appeal is that the court

erred in thus preventing the defendants from proving the alleged arrangement with the Michigan City Bank at the time the note was delivered whereby it was not to be paid.

Without expressing any opinion as to whether the defendants were entitled to introduce evidence of a defective title without first producing some evidence to rebut the presumption that the plaintiff is a holder in due course, or to contradict such evidence as the plaintiff may have introduced to prove it affirmatively (see § 59, Negotiable Instruments Law; § 6944, Comp. Laws 1913. For cases pro and con, see Merchants' Nat. Bank v. Haverhill Iron Works, 159 Mass. 158, 34 N. E. 93; Kipp v. Welsh, 141 Minn. 291, 170 N. W. 222; American Nat. Bank v. Fountain, 148 N. C. 590, 62 S. E. 738; Leavitt v. Thurston, 38 Utah, 351, 113 Pac. 77; Glendo State Bank v. Abbott, 30 Wyo. 98, 34 A.L.R. 294, 216 Pac. 700; Kintyre Farmers' Co-op. Elevator Co. v. Midland Nat. Bank (C. C. A. 8th) 2 F. (2d) 348), we shall pass to the more fundamental question as to whether or not the defendants have pleaded any defense to the instrument or offered any evidence which could properly be received if the instrument were still in the hands of the Michigan City Bank. As previously stated the answer of four of the defendants in one paragraph alleges that the instrument was signed without consideration "to these answering defendants;" but in light of the subsequent paragraph and of the evidence offered on behalf of the defendants themselves, this can only be construed to mean that the defendants received no benefit from the consideration which was actually furnished by the Michigan City Bank. It does not mean, in the light of the evidence, that consideration was not furnished; for an arrangement is attempted to be shown whereby the Michigan City Bank, in reliance upon the note in question, relinquished possession of other notes which it held as security for an actual indebtedness and gave them to one of the defendants so that he might collect them.

The test of consideration for a negotiable instrument is the same as for a simple contract and one who furnishes consideration gives value. Section 25 of the Negotiable Instruments Law (§ 6910, Comp. Laws 1913) defines value as any consideration sufficient to support a simple contract. Section 5872 of the Compiled Laws of 1913, in defining consideration which is essential to support a simple contract,

defines it as either a benefit or a detriment or prejudice suffered or agreed to be suffered. The section reads: "Any benefit conferred or agreed to be conferred upon the promisor by any other person to which the promisor is not lawfully entitled or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer as an inducement to the promisor, is a good consideration for a promise." Thus, where a detriment is suffered in reliance upon a negotiable instrument, a consideration sufficient to support a simple contract is furnished and the one furnishing it is a holder for value. The instrument in these circumstances, therefore, may not be said to have been given without any consideration. The evidence offered, instead of establishing lack of consideration, establishes the existence of a lawful consideration consisting in the bank's parting with notes it had a right to retain.

Paragraph four of the answer of the defendants other than Keitzman reads as follows:

"Denies that the said note was delivered except upon condition as herein stated and alleges that the defendant Keitzman and the Michigan City bank at the time of the signing thereof represented to these answering defendants that the said bank held notes of farmers aggregating $1,100 as evidence of an indebtedness of $670 balance of a loan made for the purpose of establishing a newspaper by farmers of Nelson County, that the defendant Keitzman and the said bank desired to remove the said notes from the said bank in order to collect the same and that said bank was required to have other notes put in in place thereof; that if these answering defendants would sign with the said Keitzman a note for the balance of said indebtedness the same would not be negotiated and would never have to be paid by them, but that the said note would be held by said bank and the sum therein called for collected and paid into said bank from the various farmers' notes referred to above when the said note of these defendants would be cancelled. That the same was misapplied in fraud upon these defendants and contrary to said agreement. Further alleges that the said Bartlett State Bank had knowledge actual and constructive of the said facts at the time it acquired said note."

Keitzman's answer sets up the same matter in different language. In substance it is the same as the above.

This answer, especially when considered in light of the offer of proof, conclusively shows that the note in question was delivered for the purpose of taking the place of other assets of the bank which were to be surrendered. It was therefore delivered to become an asset of the bank, but it is said that it was to be held by the bank and the sum therein called for was to be collected and paid from the proceeds of the notes that were to be taken out by Keitzman for collection and that this is the condition upon which it was originally delivered. If such delivery may be said to be conditional, the condition, clearly, is a condition subsequent to delivery and not precedent. In other words, the note was delivered upon ample consideration and for the definite purpose of becoming an asset of the bank, but with a condition attached that the sum represented thereby should be collected from others and when so collected the note should be cancelled. To prove this arrangement the defendants offer only parol evidence of a verbal agreement prior to the execution of the note.

Since the evidence offered does not tend to establish a defense of absence or failure of consideration, we turn next to the question as to whether any other defense was sought to be proved by competent evidence. Where parties have reduced their contract to writing, is it permissible to vary its express terms by proof of a verbal understanding inconsistent with the legal effect of the written promises? In First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044, this question was considered at some length and a well-defined distinction was noted between the introduction of parol evidence for the purpose of showing that a promissory note in the hands of one other than the maker had never been delivered for the purpose of becoming effective and an attempt to establish by the same character of evidence an understanding contrary to the legal effect of such an instrument delivered for the purpose of taking effect. It was there held that the defendant might show that the note involved was to become effective only after it had been signed by another. Likewise, that as between the immediate parties or subsequent holders with notice the real consideration for the instrument might be shown, but that the defendant would not be (page 94) "permitted to introduce testimony to the effect that the cashier of the plaintiff bank agreed with the defendant, that the defendant would not be required to pay the note, but that if

the defendant would sign the note for a short time until Chase could go through and receive a discharge in bankruptcy, that then after Chase had been so discharged in bankruptcy, the bank would then take a note signed by Mr. Chase alone, and release the defendant from liability." It was said, "Such oral agreement is clearly at variance with the terms of the written contract itself. . . . (Page 95) Its purpose and effect was to establish a contract different in terms from that of the written contract. We are satisfied that this testimony should have been excluded, and that its admission was prejudicial error. First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576; Rieck v. Daigle, 17 N. D. 365, 117 N. W. 346; 17 Cyc. 589, 644; 2 Enc. Ev. 453; Dan. Neg. Inst. § 80; 4 Am. & Eng. Enc. Law, 2d ed. 146; see also § 5889, Comp. Laws 1913." See also State Bank v. Burke, 53 N. D. 777, 208 N. W. 115.

In 5 Wigmore, Ev. 2d ed. §§ 2443–2445, the application of the parol evidence rule to negotiable instruments is well stated and illustrated by ample citations. In § 2443 it is said "As regards the variable, or expressed, terms of the obligation in the document, no extrinsic agreement can be availed of to avoid their enforcement." And in § 2444, "An extrinsic agreement as to the mode of payment, or the amount of payment, must be, by the foregoing test, ineffective, since the parties have expressly dealt with those matters in the instrument;" and "An agreement subjecting the obligation of the instrument to any condition or contingency, whether in time or otherwise, is ineffective, because the terms of a negotiable instrument are expressly unconditional." Further, "An agreement not to enforce or sue upon the instrument at all must be equally ineffective." And in § 2445, "An extrinsic agreement not to transfer an instrument payable 'to order' cannot be effective; for the term 'to order' imports negotiability, and there is no purpose which the term could serve if that element were discarded."

The attempt to state the defense in terms of lack of delivery or of conditional delivery does not substantially alter the legal effect of what was done, for the answer plainly shows that the note was delivered for the purpose of taking effect as a note and the defendants seek to avoid liability by establishing a verbal understanding that the note would be cancelled when the amount of it had been collected from other parties. While this is referred to as a conditional delivery, it is—if a condi-

tional delivery at all—a delivery to become ineffectual thereafter only upon the successful efforts of a third party to collect the amount from others. Such a condition cannot be shown for the same reason that no other agreement not embraced in the writing and qualifying that which is embraced therein can be shown. Obviously, if it were possible for one party to a contract, delivered for the purpose of taking effect, to establish an agreement outside the writing that upon the happening of a contingency the written terms of an obligation, absolute in form, were to be of no effect, the so-called parol evidence rule would lose much of its value. There is as much reason why such a condition subsequent, to be effective, should be contained in the writing, as there is for requiring to be incorporated therein agreements or understandings qualifying the written obligations in other respects. See 5 Wigmore, Ev. 2d ed., § 2410.

It follows from what has been said that on the record presented the plaintiff was entitled to judgment and therefore that the judgment appealed from should be affirmed. It is so ordered.

BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.